# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>    Plaintiff,<br><br>v.<br><br>**$252,488.84 IN UNITED STATES FUNDS, et al.**,<br><br>    Defendant Property,<br><br>**WILLIAM BACON, DONNA BACON, and CAROL BIGGS**,<br><br>    Claimants. | Civil Action No. 7:14-CV-149 |

## ORDER

The Court entered an Order staying this civil forfeiture proceeding on May 27, 2015, pending resolution of the underlying criminal investigation. (Doc. 22). The criminal investigation has not yet resolved. Presently before the Court is Claimants' Motion for a Status Report. (Docs. 28, 29). Claimants ask the Court to Order the Government to submit regular status reports regarding the progress of the underlying criminal investigation or, in the alternative, to lift the stay in this matter.

In response to the Claimants' Motion, the Government filed an *Ex Parte* Application to File Under Seal the Detailed Declaration of Task Force Officer R.S. Luke in Support of a Continued Stay in the Civil Forfeiture Proceeding (Doc. 32),

and provided the Detailed Declaration of Task Force Officer R.S. Luke (the "Declaration") via electronic mail for the Court's *in camera* review. The Government contends that the Declaration "provides adequate and specific details related to the status of the related criminal investigation, and supplies additional grounds to conclude that the Government has met its burden to show that a stay in this civil forfeiture action is proper and should be continued." (Doc. 31). The Government requests that the stay in this forfeiture action continue up to and including February 25, 2016. (Doc. 34, p. 2). The Court held a hearing on the Parties' Motions on December 9, 2015.

For the reasons set forth below, the Government's Application to File Under Seal the Detailed Declaration of Task Force Officer R.S. Luke (Doc. 32) is granted. Upon consideration of Officer R.S. Luke's Declaration, Claimants' Motion for a Status Report (Docs. 28, 29) is granted in part and denied in part. The stay in this civil forfeiture action will be lifted on February 26, 2016.

### I. Government's *Ex Parte* Application to File Under Seal the Detailed Declaration of Task Force Officer R.S. Luke

The Government has filed an *Ex Parte* Application to File Under Seal the Detailed Declaration of Task Force Officer R.S. Luke in Support of a Continued Stay in the Civil Forfeiture Proceeding. (Doc. 32). Title 18 of the United States Code, Section 981(g) provides authority for the Court, upon the motion of the Government, to stay a civil forfeiture proceeding when it may adversely affect a related criminal investigation. See 18 U.S.C. § 981(g). The statute authorizes

the Government to submit evidence *ex parte* in support of a request to stay proceedings, explaining why civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation.  Id. at § 981(g)(5). Finding that disclosure of Officer R.S. Luke's statement would adversely affect the ongoing related criminal investigation, the Court grants the Government's Application to file the Declaration under seal (Doc. 32).  The Clerk is directed to file the Detailed Declaration of Task Force Officer R.S. Luke under seal.

## II.   Claimants' Motion for a Status Report

Claimants filed a Motion for a Status Report on November 4, 2015.  (Docs. 28, 29).  Defendant Currency was seized from Claimants' respective interest-bearing accounts on December 12, 2013 (Doc. 1, pp. 2–4), although this civil forfeiture action was not filed until September 26, 2014.  (Doc. 1).  Prior to the beginning of discovery and upon the Government's motion (Doc. 21), the Court entered an Order indefinitely staying this civil forfeiture proceeding on May 27, 2015, pending resolution of the underlying criminal investigation (Doc. 22).

The underlying criminal investigation has gone on for well over three years (Doc. 1, ¶ 13), and for a vast majority of that time, Claimants have been unable to access Defendant Currency from their interest-bearing accounts (Doc. 1, ¶¶ 2–7; Doc. 28, pp. 2–3).  As a result, Claimants argue that the indefinite stay in this case is "unduly burdensome."  (Doc. 28, p. 3).  Claimants ask the Court to either order the Government to submit regular status reports on the progress of the

underlying criminal investigation or to lift the stay in the civil action. (Doc. 28, p. 3).

Upon the motion of the Government, "the court shall stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). A "related criminal investigation" is an investigation that is in progress at the time at which the request for the stay, or any subsequent motion to lift the stay, is made. Id. at § 981(g)(4). The Court is permitted to consider evidence appropriately submitted by the Government *ex parte* in determining whether a stay is necessary. Id. at § 981 (g)(5).

It is the Government's position that lifting the stay in this civil action would adversely affect the ongoing criminal investigation. (Doc. 31, pp. 4–5). The Government contends that the Detailed Declaration of Task Force Officer R.S. Luke provides "adequate and specific details" concerning the related criminal investigation, such that the Court should continue the stay until completion of the underlying investigation. (Doc. 31, p. 5). The Government suggests that the investigation should be complete no later than February 25, 2016, and that the stay can be lifted without harm on February 26, 2016. (Doc. 34, p. 2).

Upon consideration of the Detailed Declaration of Task Force Officer R.S. Luke, the Court finds that the stay in this civil forfeiture proceeding remains necessary in light of the ongoing related criminal investigation. However, the

4

stay will no longer be needed after February 25, 2016.  Claimants' Motion for a Status Report (Docs. 28, 29) is granted in part and denied in part.  The stay on this civil forfeiture action will be lifted on February 26, 2016.

**SO ORDERED**, this the 11th day of January, 2016.

>                 */s/ Hugh Lawson*
>                 **HUGH LAWSON, SENIOR JUDGE**

les